

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

David Cooke
    Plaintiff,

vs.

LAURIE PREIBIS,
HERMER E. COLE,
    Defendants

COMPLAINT FOR CIVIL RIGHT VIOLATIONS; AND SPECIAL DAMAGES

05-10436 JLT

Referred to mJ RB Collinp

## JURISDICTION

1. This action arises under the United States Constitution, and 42USC1983. This Court has jurisdiction over civil rights cause of action pursuant to 28USC1343.

2. Plaintiff invokes supplemental jurisdiction of this Court under 28USC1367 and 42USC1988 over special damages and vindication causes of action.

## VENUE

3. All acts herein took place within this judicial district, and the defendants are located within this district. Furthermore, the defendants' acts were commmited under color of State law. Therefore, venue is properly set herein.

## PARTIES

4. Defendant PREIBIS is an employee of the Commonwealth of Massachusetts, doing business as a 'branch manager' at the Brockton Registry of Motor Vehicles. She is sued in her individual capacity.

5. Defendant COLE is an officer of the Brockton Police Department. He is sued in his individual capacity.

6. Plaintiff David Cooke is the injured party, and a taxpayer doing business in Massachusetts, temporarily employed as a handicap van driver, required by Law to make contract with the Massachusetts Registry of Motor Vehicles.

## FIRST CAUSE OF ACTION
(Civil Rights Violations Against Both Defendants;
Unreasonable Seizure; Denial of Due Process;
United States Constitution)

7. On January 5th 2005, Plaintiff paid cash at the Brockton Registry for a duplicate driver's license, was given a receipt, and was told to wait 7-10 days for delivery of said duplicate license.

8. On January 7th 2005, less than 48 hours from purchase, Plaintiff appeared with receipt at the Brockton Registry to reverse the transaction for refund, in default of the (as yet) undelivered duplicate license.

9. When presented with said transaction reversal in good faith, Defendant PREIBIS refused to cooperate, refused to identify herself, refused to show cause for her actions, refused to speak, and refused to show any lawful authority to conduct business in such fashion.

10. Directed to have a seat at Defendant PREIBIS' desk by an assistant manager, Plaintiff simply waited for Defendant PREIBIS, who instead went into a private office for protracted discussion and telephone consultation.

11. Subsequently, rather than transact a simple refund, Defendant PREIBIS instead ordered Plaintiff to fill out an application form. Once again Defendant PREIBIS refused to show cause nor identify herself, walked away, and left Plaintiff seated alone before her desk.

12. Defendant COLE arrived in stealth with several officers, at first asking for Plaintiff by name, and then arguing with Plaintiff about Plaintiff's business at the Registry. In the ensuing interchange, Defendant COLE refused to show cause for his actions, refused to show authority to intervene in Plaintiff's personal business, failed to state his intentions, and failed to produce lawful warrant nor signed oath or affirmation.

13. Thereupon, Defendant COLE, with several backup officers, summarily arrested Plaintiff under hearsay allegation of disturbing the peace and trespassing, thereby preventing the refund transaction at hand; this, during regular business hours at a State-operated monopoly where business is mandatory for all Massachusetts drivers.

14. Although serving 5.5 hours in shackled detention, Plaintiff has not been cited nor formally charged with any offense relating to the above incident. Instead, a 'discovery' hearing is set for March 1 2005.

15. The defendants' actions against Plaintiff comprise unreasonable seizure (false arrest w/out probable cause, nor oath, nor affirmation) in violation of Plaintiff's 4th Amendment rights under the United States Constitution.

16. The defendants' failure to afford Plaintiff any sort of probable cause hearing relating to Plaintiff's arrest is a violation of Plaintiff's 5th Amendment due process rights under the United States Constitution.

17. In committing the acts alleged herein, the defendants engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiff of rights guaranteed to him under the Constitution and the laws of the United States, particularly violating Plaintiff's rights against unreasonable seizure under the 4th Amendment, and rights to due process.

### SECOND CAUSE OF ACTION
(Unreasonable Seizure, Denial of Due Process under Massachusetts Constitution)

18. Paragraphs 1-17 are incorporated herein.

19. The defendants' actions are in violation of Plaintiff's rights against unreasonable seizure under the Massachusetts Constitution.

20. The defendants' actions are in violation of Plaintiff's due process rights under the Massachusetts Constitution.

### THIRD CAUSE OF ACTION
(Impairment of Contractual Obligation)

21. Paragraphs 1-20 are incorporated herein.

22. The defendants' actions against Plaintiff comprise an impairment of contractual obligation, in violation of Article I, Section 10 of the United States Constitution, and in violation of 42USC1981.

## FOURTH CAUSE OF ACTION
(Conspiracy)

23. Paragraphs 1-22 are incorporated herein.

24. By acting in premeditated stealth and private conversation, and by failing to notify Plaintiff of their intentions, the defendants engaged in an unlawful scheme and conspiracy to further deprive Plaintiff of his civil and constitutional rights. Hence the defendants are liable for additional damages under 42USC1985.

## FIFTH CAUSE OF ACTION
(Failure to Prevent Civil Rights Violations)

25. Paragraphs 1-24 are incorporated herein.

26. As said conspiracy to violate Plaintiff's civil and constitutional rights, was both premeditated and, by definition, outside the defendants' official duties and responsibilities, then either or both defendants could easily have prevented said violations, simply by doing their jobs as prescribed by Law. Hence, the defendants are also liable for damages under 42USC1986.

## SIXTH CAUSE OF ACTION
(False Arrest; False Incarceration)

27. Paragraphs 1-26 are incorporated herein.

28. As a direct and proximate result of the malicious, wanton, and willful acts of the defendants, separately and in concert, and acting under color of law; Plaintiff was intentionally and unlawfully arrested without his consent, and without probable cause; and thereby was deprived of rights guaranteed to him by the 1st, 4th, 5th, 6th, 8th, and 14th amendments to the United States Constitution; and Part I Article 10 of the Massachusetts Constitution. Plaintiff was thus deprived of his freedom, damaged in his reputation, embarassed, prevented from conducting his usual business prescribed by Law, prevented from meeting employment obligations and from earning wages, and caused to endure pain, suffering, and mental anguish.

29. Plaintiff is thereby entitled to recover additional damages and equitable relief under 42USC1981, 1983, 1985, 1986, and 1988.

## SEVENTH CAUSE OF ACTION
(Abuse of Process)

30. Paragraphs 1-29 are incorporated herein.

31. As a direct and proximate result of the deliberate and intentional acts of the defendants; Plaintiff was damaged by the defendants when they acted in malice, using the lawful criminal process to accomplish an unlawful purpose. Specifically, the initiation of criminal proceedings against Plaintiff, under false pretense and under color of law, with the intention of securing convictions, payments received from Plaintiff, and/or payments from prior convictions (if any), in collateral by holding Plaintiff hostage; thereby seeking to frustrate Plaintiff from pursuing the lawful remedies available to him by the United States Constitution, the Massachusetts Civil Rights Act, and the Uniform Commercial Code.

## EIGHTH CAUSE OF ACTION
(Special Damages Against Both Defendants)

32. Paragraphs 1-31 are incorporated herein.

33. If not for the acts committed by the defendants, this action would not be necessary. Plaintiff is indigent and has no funds to retain an attorney, and has been forced to expend his time and energy in order to seek redress of the violations stated herein. Said time and effort is, and will be, lost forever, and is not recoverable.

34. As a direct and proximate result of the defendants' actions, Plaintiff has been, and will be, damaged in the amount of time and effort he must exert in order to redress the stated damages caused by the defendants and prosecute this action to completion.

35. Plaintiff is entitled to a reasonable hourly rate for the lost time and energy necessary to prosecute this action.

## PRIMA FACIE EVIDENCE

36. Plaintiff has posession of lawful recording of all facts stated herein, in accordance with 42USC1981, as well as the original receipt for cash paid in contract with the Brockton Registry.

37. Whereas Defendant PREIBIS is being sued in her individual capacity, is accountable for her own actions, is not above the Law, has no lawful authority to steal Plaintiff's money with

impunity, and has failed to show valid delegation of authority; she Is not qualified for immunity from this lawsuit as a State employee. For to claim such immunity, she would have to establish her actions as her official duties and responsibilities, somehow prescribed by the Massachusetts Registrar's Office, which would thereby be implicated with racketeering. As this would comprise a legal impossibility, Defendant PREIBIS has no lawful qualified immunity, *prima facie ab initio*.

38. Whereas Defendant COLE is being sued in his individual capacity, is accountable for his own actions, is not above the Law, has no authority to practice Law from the Executive, and has failed to show lawful cause for his actions; he is not qualified for immunity from this lawsuit as a police officer. For to claim such immunity, he would have to establish his actions as official duties and responsibilities, somehow prescribed by the City of Brockton, which would thereby be liable for hiring police to perform acts of domestic terrorism, in violation of their oaths to office. As this would comprise a legal impossibility, Defendant COLE has no lawful qualified immunity, *prima facie ab initio*.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. The Court determine and declare the defendants are in violation of of Plaintiff's federal constitutional rights;

2. The Court determine and declare the defendants are in violation of of Plaintiff's state constitutional rights;

3. For damages according to proof against both defendants jointly and severally;

4. For punitive damages against both defendants jointly and severally.

5. For recovery from lost wages, damages to professional standing, forfeited employment requiring ongoing business with the Massachusetts Registry of Motor Vehicles, and the original stolen advance cash payment to the Brockton Registry.

6. For a fee at the rate of $50/hr for the time Plaintiff must spend prosecuting this case.

7. For the costs of this suit, all Court costs, and any further relief this Court deems just and proper.

DATE: 2-22-2005

Submitted by:

David Cooke,  Plaintiff in pro se
c/o:   7 Westwood Rd
       S. Easton MA [02375]
       508.230.7415

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: David Cooke

**DEFENDANTS**: Laurie Preibis, Hermer E. Cole

**(b) County of Residence of First Listed Plaintiff**: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed**: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**:
David Cooke
7 Westwood Rd
S. Easton MA 02375
508.230.7415

**Attorneys (If Known)**: 05-10436 JLT

Received MAR 29 P 2005

## II. BASIS OF JURISDICTION

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment & Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excl. Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability

**TORTS - PERSONAL INJURY**: 310 Airplane, 315 Airplane Product Liability, 320 Assault, Libel & Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury

**PERSONAL INJURY**: 362 Personal Injury—Med. Malpractice, 365 Personal Injury — Product Liability, 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud, 371 Truth in Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

**FORFEITURE/PENALTY**: 610 Agriculture, 620 Other Food & Drug, 625 Drug Related Seizure of Property 21 USC 881, 630 Liquor Laws, 640 R.R. & Truck, 650 Airline Regs., 660 Occupational Safety/Health, 690 Other

**LABOR**: 710 Fair Labor Standards Act, 720 Labor/Mgmt. Relations, 730 Labor/Mgmt.Reporting & Disclosure Act, 740 Railway Labor Act, 790 Other Labor Litigation, 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights, 830 Patent, 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce/ICC Rates/etc., 460 Deportation, 470 Racketeer Influenced and Corrupt Organizations, 810 Selective Service, 850 Securities/Commodities/Exchange, 875 Customer Challenge 12 USC 3410, 891 Agricultural Acts, 892 Economic Stabilization Act, 893 Environmental Matters, 894 Energy Allocation Act, 895 Freedom of Information Act, 900 Appeal of Fee Determination Under Equal Access to Justice, 950 Constitutionality of State Statutes, 890 Other Statutory Actions

**REAL PROPERTY**: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

**CIVIL RIGHTS**: 441 Voting, 442 Employment, 443 Housing/Accommodations, 444 Welfare, [x] 440 Other Civil Rights

**PRISONER PETITIONS**: 510 Motions to Vacate Sentence Habeas Corpus: 530 General, 535 Death Penalty, 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[x] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983  Civil Rights Violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 80K
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [x] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 3

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Cooke__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, (440), 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   05 - 10436 JLT

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☐    NA

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?  NA

      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David Cooke, Pro Se__
ADDRESS __7 Westwood Rd, S. Easton MA 02375__
TELEPHONE NO. __508.230.7415__

(Att3Cover sheet local.wpd - 11/27/00)