```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

DAVID COOKE,                   )
           Plaintiff,          )
                               )
      v.                       )   C.A. No. 05-10436-JLT
                               )
LAURIE PREIBIS, et al.,        )
           Defendants.         )
```

### MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's Application to proceed without prepayment of fees is Allowed, and plaintiff is directed to demonstrate good cause in writing, within thirty-five (35) days why this action should not be dismissed. It is further Ordered that the clerk shall redact Plaintiff's social security number from his Application to proceed *in forma pauperis.*

### FACTS

On March 1, 2005, Plaintiff David Cooke filed an application to proceed without prepayment of the filing fee and a complaint against Laurie Preibus, an employee at the Brockton Registry of Motor Vehicles, and Hermer E. Cole, a Brockton Police Officer. Both defendants are sued in their individual capacity.

Cooke was a handicap van driver, requiring a license from the Massachusetts Registry of Motor Vehicles. He contends that on January 5, 2005, he paid cash at the

Brockton Registry in order to obtain a duplicate license. He was given a receipt and told it would take 7-10 days for a duplicate license. Complaint, ¶7.  Two days later, Cooke returned to the Registry in order to reverse the transaction and obtain a refund. Complaint, ¶8.

The subsequent chronology of events is not entirely clear.  It appears, however, that there was an altercation at the Registry, and Cooke was arrested as a result.  The Complaint fails to indicate Cooke's participation in the incident. Rather, the complaint focuses on the defendants' actions.

More specifically, Cooke contends, that he was directed to speak with employee Preibus, and was told by an assistant manager to wait for her at her desk.  Complaint, ¶10. Cooke claims defendant Preibus did not assist him, but rather went into a private office "for protracted discussion and telephone consultation."  Id.  Cooke alleges that Preibus failed to cooperate with him, failed to identify herself, "show cause for her actions," failed to speak to him, and failed to "transact a simple refund."  Complaint, ¶¶ 9, 11.

Subsequently, Cooke alleges that defendant Police Officer Cole "arrived in stealth with several officers" and began arguing with him about his business at the Registry.

2

Complaint, ¶12. Plaintiff contends Officer Cole failed to show cause for his actions, failed to show authority to intervene in Plaintiff's business, and failed to produce a lawful arrest warrant. <u>Id</u>.

At that point, Officer Cole and several backup officers arrested Cooke for disturbing the peace and trespassing. Complaint ¶13. Because of this, Cooke was unable to secure his refund from the Registry. <u>Id</u>. Cooke also contends that he served "5.5 hours in shackled detention" without being cited or formally charged with any offense. He claims that instead, a "discovery" hearing was set for March 1, 2005. Cooke provides no other information about this case.

A check with the Brockton District Court reveals that a criminal complaint charging him with a misdemeanor (disturbing the peace) was filed against him, and there is a pretrial hearing set for April 4, 2005. (Brockton District Court, Criminal No. 0515cr169).

Cooke alleges that both defendants' actions constituted unreasonable seizure (false arrest without probable cause). He also claims he was denied due process with respect to a probable cause hearing, and that the defendants engaged in a scheme and conspiracy to violate his rights. Cooke asserts that neither defendant is entitled to qualified immunity for

intentional and deliberate actions.[1]  Complaint, ¶¶37, 38.

Plaintiff's causes of action include violations of 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988, the Massachusetts Civil Rights Act and the Uniform Commercial Code. Complaint, ¶29.

Cooke seeks a declaration that the defendants violated his federal and state constitutional rights, and monetary damages, including lost wages, damages to he reputation, and the return of the money paid for a duplicate license, as well as $50 per hour for his time prosecuting this case, and other costs.

## ANALYSIS

### I. The Application to Proceed Without Prepayment of Fees

Plaintiff's Application reveals that he is unemployed, has no assets or income, and he earned $112.50 per week at his most recent employment.  In light of this, Plaintiff has demonstrated he is without sufficient assets at this time to pay the filing fee, and his Application is allowed.

### II.  The Complaint is Subject to Preliminary Screening.

---

[1] Because qualified immunity may be raised as a defense, this Court will not consider this issue as a basis for *sua sponte* dismissal.

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. The Complaint, therefore, is subject to the screening provisions of 28 U.S.C. §1915. See 28 U.S.C. §1915 (proceedings *in forma pauperis*). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2).

III.   Plaintiff's Complaint Is Subject To Dismissal

Although the Court recognizes that *pro se* complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even affording a generous reading of Plaintiff's Complaint, this action subject to dismissal for the reasons stated below.

   A.   The §1983 Claims

   Cooke appears to base his §1983 claims on due process

violations, unreasonable seizure of his person, conspiracy[2], failure to prevent civil rights violations, abuse of process, false imprisonment and false arrest.[3]  For purposes here, it is presumed that both defendants were acting under color of state law.

    1.   <u>Abuse of Process</u>

Although not expressly couched in these terms, much of the Complaint centers around the lack of authority for defendants' actions, and the malicious intent in securing his arrest. To the extent that Cooke seeks to raise a §1983 claim based on this theory (and this has not been established), such a claim is subject to dismissal.

A common-law claim of abuse of process is based on claims that an officer used lawful criminal process to accomplish an unlawful purpose.  <u>Santiago v. Fenton</u>, 891 F.2d 373, 388 (1st Cir.

---

[2]Although Plaintiff mentions "racketeering" in his complaint, (Complaint, ¶37), his filings fail to demonstrate the essential elements to establish a RICO claim. RICO makes it unlawful, inter alia, "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in ... a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Accordingly, this Court will not consider any RICO allegations further.

[3]Plaintiff refers to this theory as "false arrest" and "false incarceration."  False arrest and false imprisonment claims are generally one and the same.  <u>See</u> <u>Mitchell v. City of Boston, et al.</u>, 130 F. Supp. 2d 201, 214 (D. Mass. 2001).

1989) (citations omitted).  However, an abuse of process claim is <u>not</u> cognizable as a civil rights violation under §1983.

> If there was an objective basis for the arrest or prosecution, an officer would be entitled to qualified immunity regardless of his subjective motivation. Thus, the Supreme Court has in effect held that abuse of process--as a claim separate from a claim that there was no probable cause to make the arrest or institute the prosecution--is not cognizable as a civil rights violation under §1983.

<u>Id.</u>

Moreover, there is a complete lack of factual support to demonstrate that defendant Preibus had any involvement in, or decision-making authority to secure the arrest of the Plaintiff, the detention of the Plaintiff, or even the criminal prosecution of the Plaintiff.  The only factual allegation with respect to her is that she ignored his request for a refund, refused to assist or speak to him, and went into another office to make a phone call (presumably it is this action which prompted the defendant Cole to come to the scene and question Plaintiff).  There is simply no evidence whatsoever which, even under all reasonable inferences, could support such a claim against defendant preibus.

7

Accordingly any §1983 abuse of process claim is subject to dismissal.

### 2. Malicious Prosecution/Unreasonable Seizure claims

Although not expressly set forth, to the extent that plaintiff alleges a concomitant malicious prosecution claim as part of this action, such claim is also subject to dismissal. A common-law malicious prosecution claim requires (1) the initiation of a criminal proceeding against the plaintiff at the behest of the defendant; (2) the termination of the proceeding in favor of the accused; (3) absence of probable cause for the charges; and (4) actual malice. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (citation omitted). In order to state a malicious prosecution claim under §1983, a plaintiff must allege the deprivation of a federally-protected right. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996) (stating that an attempt to state a §1983 claim based on "garden-variety" malicious prosecution claim fails); accord Meehan v. Town of Plymouth, 167 F.3d 85, 88 (1st Cir. 1999). Moreover, a §1983 malicious prosecution claim may not be based on the Due Process Clause of the Fourteenth Amendment under either a procedural or substantive theory, and to the extent that plaintiff's claims are brought under that amendment they are

subject to dismissal.  See Albright v. Oliver, 510 U.S. 266, 274-275 (1994) (substantive due process); Nieves, 241 F.3d at 53 (no procedural due process claim for malicious prosecution because Massachusetts provides an adequate state remedy) (citation omitted).

Even assuming that Plaintiff is bringing his claim under the Fourth Amendment for "unreasonable seizure" Plaintiff's claims still are subject to dismissal because they appear to be based solely on his warrantless arrest.  A warrantless arrest does not constitute the "initiation of proceedings" for purposes of a malicious prosecution claim.  See Meehan, 167 F.3d at 89.  An arrest made pursuant to a warrant constitutes legal process and the tort of malicious prosecution permits damages for confinement pursuant to legal process.  Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995).  Here, however, plaintiff has alleged that he was arrested without a warrant, rendering his malicious prosecution  claims subject to dismissal.  Calero-Colon, 68 F.3d at 4; see also Grant v. John Hancock Mut. Life Ins. Co., 183 F. Supp. 2d 344, 359 (D. Mass. 2002) (granting summary judgment; warrantless arrest standing alone did not effect a seizure to support a malicious prosecution claim based on a 4th Amendment violation).

Again, with respect to defendant Preibus, Plaintiff has

failed to show any nexus between her actions and his arrest by Cole and subsequent imprisonment and prosecution, and thus this claim against Preibus is subject to dismissal.

### 3. False Arrest and False incarceration claims

Plaintiff's §1983 false arrest/false incarceration claims are subject to dismissal because he has not alleged that he was <u>not</u> convicted of any other crime based on the arrest challenged in his complaint. See <u>Sholley v. Town of Holliston</u>, 49 F. Supp. 2d 14, 18 (D. Mass. 1999) ("favorable termination" rule of <u>Heck v. Humphrey</u> precluded plaintiff's claims where he was convicted for one, but not all, of the charges upon which he was arrested for). Plaintiff's complaint fails to provide information as to the outcome of the incident, however, this Court has been advised that a criminal complaint was, in fact, brought against him, and those charges are still pending.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that where a plaintiff prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under §1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. <u>Heck</u>, 512 U.S. at 486-487. Following the rule of <u>Heck</u>, therefore, it is settled that in order to recover damages

for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254; Id. at 486.

Because Plaintiff fails to show that he has received a favorable termination of his criminal charges (still pending), the "favorable termination" rule of Heck operates to bar his claims, with respect to both defendants Preibus and Officer Cole. Sholley, 49 F. Supp. 2d at 18; see Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998) (dismissing); accord White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (dismissing challenge to parole revocation); cf. Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 255 (1st Cir. 1996) (fact that plaintiff was acquitted does not speak to whether his arrest was based on probable cause or not).

   4.  Denial of license

Although Plaintiff does not specifically allege that his claims are premised on the denial of a duplicate license

11

to him, he does make claims that he forfeited employment (he was a handicap van driver) due to his disputes with the Registry of Motor Vehicles. To the extent that this claim implicates any deprivations of personal liberty (use of a motor vehicle), due process violations are not implicated, because an individual does not have a right to a driver's license. <u>Raper v. Lucy</u>, 498 F.2d 748, 751-52 (1st Cir. 1973). The issuance of a license is discretionary with the state. <u>Id</u>. at 751. Although an individual does have a due process right in the state application procedures, such a claim is not raised in this case. Plaintiff does not contend that he was denied a license, and that such denial was based on improper procedures utilized by the Registry in its determination.

    B.   <u>The Remaining Civil Rights Act Claims</u>

        1.  <u>The §1981 Claims</u>

Section 1981[4] concerns racial discrimination in the making

---

[4]Section 1981 provides, in relevant part, that

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

and enforcement of contracts.  <u>Runyon v. McCrary</u>, 427 U.S. 160, 172 (1976).  To state a claim under §1981, a plaintiff must allege (1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute.  <u>Garrett v. Tandy Corp.</u>, 295 F.3d 94, 98 (1st Cir. 2002).

Here, Cooke has not alleged that he is a member of a racial minority or that any action by any defendant denied him the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship by reason of a race-based animus.  Plaintiff merely alleges that defendant Preibus refused to assist him in the reversal of a registry transaction.  Nowhere does he allege a race-based motive by either of the defendants.  This failure is fatal to Plaintiff's claims, and as such, this claim is subject to dismissal.  <u>See</u> <u>Garrett</u>,  295 F.3d at 100-101 (dismissing §1981 claims based merely on in-store surveillance and alleged deprivation of the "enjoyment" of purchases); <u>accord</u> <u>Vizcarrondo v. Board of Trustees</u>, 139 F. Supp. 2d 198, 207-208 (D. P.R. 2001) (dismissing for failing to plead any facts supporting a theory of race-based

---

42 U.S.C. §1981.

discrimination on the part of defendants in making and enforcing contracts).

    2.  <u>The §1985 Claims</u>

Section 1985 of title 42 concerns conspiracies to violate civil rights.  Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office.  Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

Because Plaintiff has made no allegation which even inferentially indicates that any defendant has conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus, his claims under §1985 are subject to dismissal.  <u>Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico</u>, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); <u>see</u> <u>Romero-Barcelo v. Hernandez Agosto,</u> 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a

§1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

    3.   The §1986 Claims

A claim asserted under Section 1986[5] must first establish a violation of §1985, and claims which fail to do so must be dismissed. Canney v. City of Chelsea, 925 F. Supp. 58, 68 (D. Mass. 1996). Because no violation of §1985 has been alleged, no violation of §1986 has been alleged, and Plaintiff's claims are subject to dismissal. Id.

    4.   The §1988 Claims

Although plaintiff states that he brings his claims pursuant to Section 1988 of title 42, that section does not provide a separate, private right of action. See 42 U.S.C. §1988(b) (attorney's fees);[6] Moor v. Alameda County, 411 U.S. 693, 702

---

[5] Section 1986 provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented. . . .

42 U.S.C. §1986.

[6] Section 1988(b) provides, in relevant part, that

(1973) (§1988 is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights and this section does not enjoy the independent stature of an "act of Congress providing for the protection of civil rights").  Instead, §1988 provides that a "prevailing party" in an action brought pursuant to Sections 1981-1986 may seek his attorney's fees from the opposing party.  Farrar v. Hobby, 506 U.S. 103, 111-112 (1992) (defining "prevailing party").  Because plaintiff has failed to state a claim under Sections 1981, 1983, 1985, and 1986, he has failed to state a §1988 claim, and this also is subject to dismissal.  Cf. id.

 IV. The State-Law Based Claims

 Because the Court is likely to dismiss plaintiff's federal claims against defendants, grounds will not exist for federal subject matter jurisdiction over any of

---

  [i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title. . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. §1988(b).

plaintiff's state law claims.[7] Of course, in the absence of such jurisdiction, the Court may still exercise supplemental jurisdiction over the state law claims.  28 U.S.C. §1367(a). However, should Plaintiff fail to show cause why this action should not be dismissed for the reasons stated herein, this Court will decline to exercise jurisdiction over any state claims.

## CONCLUSION

Accordingly, for the reasons stated herein, Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed. Plaintiff's complaint shall be dismissed without further notice unless within thirty-five (35) days of the date of this Memorandum and Order. Cooke demonstrates good cause why the complaint should not be dismissed for the reasons stated above.

It is further Ordered that the Clerk shall redact any social security information contained in Plaintiff's Application to Proceed *in forma pauperis*.

---

[7] Plaintiff has not clearly pled any state law claims. Although Plaintiff references Massachusetts Civil Rights Act and Uniform Commercial Code violations, he fails to provide any factual bases for either of these claims.  See, e.g., Lazare v. Miller, 1996 WL 1186796 at *2 (Mass. Super. 1996)(Massachusetts Civil Rights Act "proscribes only those interferences with civil rights which are accompanied 'by threats, intimidation or coercion...'").

SO ORDERED.

Dated at Boston, Massachusetts, this 5th day of April, 2005.

                                            <u>/s/ Joseph L. Tauro</u>
                                            JOSEPH L. TAURO
                                            UNITED STATES DISTRICT JUDGE